Dinora Roxana GONZALEZ–
MELENDEZ, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 00–70302.
I & NS No. A71–886–336.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 10, 2001.

Decided July 30, 2001.

Before CANBY, HAWKINS, and GOULD, Circuit Judges.

## MEMORANDUM *

Dinora Roxana Gonzalez–Melendez, a native and citizen of El Salvador, petitions for review of a decision of the Board of Immigration Appeals ("BIA") dismissing her appeal of an immigration judge's ("IJ") denial of her applications for asylum and withholding of deportation, and her request for voluntary departure. We have jurisdiction pursuant to 8 U.S.C. § 1105a,[1] and we deny the petition for review.

The BIA conducted a de novo review of Gonzalez–Melendez's claim for relief, so we limit our own review to the BIA's decision. *Garrovillas v. INS,* 156 F.3d 1010, 1013 (9th Cir.1998). We review for substantial evidence the factual findings underlying the BIA's determination that Gonzalez–Melendez failed to establish eligibility for asylum or withholding, and will uphold

them unless the evidence compels a contrary result. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Gonzalez–Melendez contends that, if returned to El Salvador, she would be persecuted on account of a political opinion that was imputed to her because of her brother's association with and eventual defection from the FMLN guerrillas. To qualify for asylum, it is her burden to prove that she suffered past persecution or has a well-founded fear of future persecution on account of this imputed political opinion. 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1); *Hernandez–Ortiz v. INS,* 777 F.2d 509, 517 (9th Cir.1985). Her subjective fear of future persecution must be objectively reasonable or it is not well-founded. *Prasad v. INS,* 47 F.3d 336, 338 (9th Cir.1995). The government may rebut evidence of a well-founded fear of persecution, including a presumption of a well-founded fear raised when past persecution is demonstrated, with evidence of changed country conditions. *Singh v. Ilchert,* 63 F.3d 1501, 1510 (9th Cir.1995).

Substantial evidence supports the BIA's determination that, even if all of Gonzalez–Melendez's testimony is accepted as true, she fails to demonstrate that her subjective fear of persecution is well-founded, particularly in light of improved country conditions in El Salvador. Gonzalez–Melendez lived in El Salvador for ten years following her brother's defection from the

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repeals 8 U.S.C. § 1105a and replaces it with a new judicial review provision codified at 8 U.S.C. § 1252. IIRIRA § 306(a)-(c)(1), Pub.L. No. 104–208, 110 Stat. 3009 (1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104–302, 110 Stat. 3656. The new review

provision, however, does not apply to petitioners whose deportation proceedings commenced, as here, before April 1, 1997. IIRIRA § 309(c)(1). While we continue to have jurisdiction over the instant petition under 8 U.S.C. § 1105a, our review is also subject to special transitional rules applicable to petitions where a final order was entered, as here, after October 31, 1996. IIRIRA § 309(c)(4); *Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997).

guerrillas, and returned for fifteen days in 1992 following her first unsuccessful application for asylum in the United States. In all that time, although the guerrillas monitored the family home and questioned her about her brother, the guerrillas never threatened her or caused her physical harm. Moreover, the State Department's 1997 report on country conditions in El Salvador indicates that the government and the FMLN guerrillas signed peace accords in 1992 aimed at ending twelve years of warfare. The United Nations declared the peace "irreversible" in 1995, and largely complete.

On this record, we find that Gonzalez–Melendez did not suffer past persecution, and, in light of improved country conditions, her subjective fear of future persecution is not objectively reasonable. In failing to qualify for asylum, she necessarily fails to satisfy the more stringent standard for withholding of deportation. *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir. 1995). Because she fails to make out her asylum claim, even when we accept all of her testimony as true, we do not address her contentions that the IJ and BIA erred by making adverse credibility findings on the basis of her earlier false testimony and her "guarded" demeanor while testifying in this case.

We lack jurisdiction under IIRIRA's transitional rules to review Gonzalez–Melendez's contention that the BIA abused its discretion in denying voluntary departure under INA § 244(e), 8 U.S.C. § 1254(e) (now repealed). IIRIRA § 309(c)(4)(E) ("[T]here shall be no appeal of any discretionary decision under section ... 244 ... of the [INA]."); *Beltran–Tirado v. INS*, 213 F.3d 1179, 1182 (9th Cir.2000).

PETITION FOR REVIEW DENIED.